UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRYSTAL LAX, *et al.*,

Plaintiffs,

v.

ADOBE SERVICES, *et al.*,

Defendants.

Case No. 2:22-cv-00769-DJC-JDP (PS)

**ORDER**

DISMISSING COMPLAINT WITH LEAVE TO AMEND AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

ECF No. 1 & 2

AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS

Plaintiffs Crystal and Dominique Lax allege that two housing agencies denied them access to low-income housing because of Crystal's race and disabilities. Plaintiffs bring this action against Akasha Marie Gray, the owner of Naked Swim LLC; Margues David Eastman, the owner of Ireno Production Filming; Addoris Wilcox; Antonio Simpskim; Abode Services; Life Moves Opportunity Center; and Brandon with Bill Wilson Center. Their complaint, however, fails to state a claim. I will give plaintiffs a chance to amend their complaint before recommending dismissal. I will also grant their application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr*., 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that plaintiff Crystal Lax is a disabled individual who has a voucher for low-income housing assistance, but that two housing agencies refused to place her in a permanent home because of her disability and race.[1] ECF No. 1 at 4. Crystal received an emergency housing voucher in October 2021, and the San Mateo Housing Authority referred her to Abode Service House. *Id.* at 5. Crystal claims that she spoke with a "male housing advocate" from Adobe Service, but he did not find her a residence because she is in a wheelchair and the

---

[1] While the complaint lists both Crystal and Dominique Lax as plaintiffs, the complaint alleges that only one person suffered discrimination. For example, the complaint states, "*I* was being racial deprived" and "The first male housing advocate discriminated against *me* being in a wheelchair." ECF No. 1 at 5, 7 (emphasis added). As Crystal is the first named plaintiff and the only plaintiff listed under the section titled "Parties to This Complaint," I conclude that the factual allegations relate to Crystal. Plaintiffs should take care in any future filings to specify which claims and allegations relate to which plaintiff.

available apartments could be accessed only by stairs. *Id.* Unsuccessful with the first agency, Crystal called Bill Wilson at "Robert Smith of Life Moves Opportunity Center." *Id.* at 7. Crystal was equally unsuccessful in locating housing with that agency. Crystal sent that agency a letter from her doctor stating that she urgently needed housing, but Crystal states that no one from the agency called her back. *Id.* at 7-8. She claims that both agencies used her Social Security number for tax benefits, but that neither of them provided her with permanent housing. *Id.* at 9. The complaint identifies as bases for these claims 42 U.S.C. § 1983, the Fourteenth Amendment, the Eighth Amendment, the Thirteenth Amendment, and housing discrimination. *Id.* at 4.

Plaintiffs' complaint fails to state a claim. As an initial matter, it lists four defendants—Akasha Marie Gray, the owner of Naked Swim LLC; Margues David Eastman, the owner of Ireno Production Filming; Addoris Wilcox; and Antonio Simpskim—but contains no factual allegations against any of them. Thus, the complaint fails to state a claim against these defendants. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Additionally, plaintiffs appear to be asserting constitutional violations under 42 U.S.C. § 1983. However, none of the defendants are alleged to be state actors.

The court surmises that plaintiffs may be attempting to assert a discrimination claim under the Fair Housing Act ("FHA"). The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶] . . . that person[.]" 42 U.S.C. § 3604(f)(2). To state a discrimination claim under the FHA, a plaintiff must establish a prima facie case by alleging that: (1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, the plaintiff suffered a distinct and palpable injury. *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). To the extent plaintiffs allege a claim under FHA, the claims fail because there are no allegations that plaintiffs were subjected to different terms, conditions, or privileges because of their race or disabilities. *See James v.*

*Metzger Mgmt. Co.*, No. 2:23-cv-1174-DAD-DB (PS), 2024 WL 86400, at *3 (E.D. Cal. Jan. 8, 2024).

With regard to disability discrimination, the only allegation is that the defendants were only able to find housing that was accessible by stairs. Nothing in the complaint supports the conclusion that defendants refused to aid plaintiffs because of Crystal's disability. The allegations regarding racial discrimination are more limited. The complaint contains no allegations that the defendants knew of her race, much less discriminated against her because of it. Indeed, the complaint states that plaintiffs "suspect" they were denied housing because of discrimination but offers no specific factual allegations to support that suspicion.

I will allow plaintiffs a chance to amend their complaint before recommending that this action be dismissed. If plaintiffs decide to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiffs will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiffs do not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiffs must either file an amended complaint or advise the court that they wish to stand by their current complaint. If they select the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiffs a new form complaint.

IT IS SO ORDERED.

Dated: March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE